IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JULIUS POWELL, #322080,            ) | Civil Action No. 3:13-233-TMC-JRM |
| )  | |
| Petitioner,  ) | |
| ) | |
| vs.   ) | **REPORT AND RECOMMENDATION** |
| ) | |
| LARRY CARTLEDGE, WARDEN,  ) | |
| ) | |
| Respondent.  ) | |
| ) | |

Petitioner, Julius Powell ("Powell") is an inmate with the South Carolina Department of Corrections serving concurrent sentences of eighteen years for armed robbery and kidnapping and fifteen years for second degree burglary. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 15, 2013.[1]  Respondent filed a return and motion for summary judgment on June 6, 2013.  Because Powell is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on June 7, 2013 explaining to him his responsibility to respond to the motion for summary judgment. Powell filed his response to Respondent's motion on June 27, 2013.

---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).

**Background and Procedural History**

Powell was the ringleader of a home invasion that occurred in Lexington County on July 4, 2006. The tracing of a pistol stolen from the victims and later pawned led to the arrest of Powell and his codefendants. (App. 18-23). Powell was indicted for first degree burglary, armed robbery and kidnapping. He was initially represented by Stanley Myers, Esquire. When Myers was called to active military duty, Lowell Bernstein, Esquire, assumed representation. Powell pled guilty on May 24, 2007 pursuant to a plea bargain which reduced the burglary charge from first degree to second degree. No direct appeal was filed.

Powell filed an application for post-conviction relief ("PCR") on December 4, 2007. (App. 37). After counsel was appointed, Tricia A. Blanchette, Esquire, an amendment to the PCR application was filed. (App. 47). Among Powell's claims was an allegation of ineffective assistance of counsel for failing to file a direct appeal. An evidentiary hearing was held on February 5, 2010. Powell and Bernstein testified as well as Lee Connolly, a private investigator who was employed by Myers for pretrial investigation. On March 5, 2010, the PCR court issued an order denying post-conviction relief, but granting a belated direct appeal pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974). (App. 202).

Initially an Anders[2] brief was filed by the South Carolina Commission on Indigent Defense with respect to direct appeal. On October 28, 2010, the South Carolina Supreme Court issued an order relieving the South Carolina Office of Appellate Defense and substituting Powell's PCR attorney, Ms. Blanchette, and granted a motion that the Anders brief be withdrawn. Thereafter, Ms. Blanchette filed a direct appeal brief raising the following issue:

---

[2]Anders v. California, 386 U.S. 738 (1967).

>    Whether the lower court erred in accepting appellant's guilty plea since the plea was not knowingly and voluntarily entered by the appellant.

An amended petition for writ of certiorari was also filed raising the following issues:

>    I.    Whether the lower court properly granted the petitioner a belated direct appeal pursuant to White v. State, 263 S.C. 110, 208 S.E. 2d 35 (1974).
>
>    II.   Whether the lower court erred in finding that plea counsel's performance was not ineffective and prejudicial to the petition when plea counsel failed to conduct a reasonable investigation to ensure that the petitioner's plea was knowingly and voluntarily entered.

Powell's convictions were affirmed and his petition for writ of certiorari was denied. *See* Powell v. State, Unpub.Op.No. 2012-MO-035 (S.Ct. filed September 12, 2012). Powell's motion for a rehearing was denied and the Remittitur was returned on October 19, 2012.

### **Grounds for Relief**

In his present petition, Powell asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One**: Ineffective assistance of trial counsel and involuntary guilty plea specifically but not limited to the following grounds:

>    Supporting facts: Please see Attachment at #15, #16A, #16B
>
>    1. Ineffective assistance of trial counsel and involuntary guilty plea, specifically but not limited to the following grounds:
>
>    >    a. Failure to properly prepare and investigate the case.
>    >
>    >    >    1. Counsel failed to thoroughly review the discovery with the Applicant prior to his plea.
>    >    >
>    >    >    2. Counsel failed to meet with the Applicant and properly prepare for trial and/or plea.
>    >    >
>    >    >    3. Counsel failed to conduct an independent investigation or speak with any witnesses.

       4. Counsel failed to utilize the investigative work conducted by Lee Connelly and obtain additional funding for her to complete her investigation.

       5. Counsel failed to look into Applicant's alibi defense or speak with his alibi witness.

       6. After informing the Applicant that his co-defendants would testify against him, counsel failed to prepare for potential impeachment of the Applicant's codefendants.

    b. Failure to provide effective assistance of counsel during the plea phase.

       1. Counsel advised the Applicant that he could plead no contest but the plea was a straight up guilty plea.

       2. Counsel did not properly prepare himself or the Applicant for mitigation.

  2. The Applicant is also alleging that counsel failed to file a direct appeal as was requested by Applicant.

**Ground Two:** Counsel failed to file a direct appeal as was requested by Applicant.

  Supporting facts: At the evidentiary hearing, plea counsel testified that he did not recall that the Petitioner and his wife requested that an Direct Appeal be filed, but he could not specifically recall "how the circumstances went on that."

**Ground Three:** Failure by the State to preserve evidence that might be expected to play a significant role in the suspect's defense. (Brady violation).

  1. Counsel failed to challenge the weight and sufficiency of the evidence.

  2. Counsel failed to point out any documented evidence.

  3. Counsel failed to inquire why evidence was destroyed prior to defendant exhausting any/all his remedies.

  4. Evidence that played a significant role in appellant's defense could not be produced at the Post-Conviction-Relief hearing through no fault of his own.

**Ground Four:** Counsel provided incorrect information regarding the type of plea and but for

counsel's error there was reasonable probability that result of the plea bargaining process would have been different. Counsel advised appellant that he could plead no contest but plea was a straight up guilty plea.

**Discussion**

A.  Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts.  The two theories rely on the same rationale.  The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

   1.     **Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions.  Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States."  The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that - -
>
> > (A)  the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i)  there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

>    (3)   A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
>    (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. *See* O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948.  In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See* SCACR 203; Blakeley v. Rabon, 221 S.E.2d 767 (S.C. 1976). The second avenue is by filing an application for post-conviction relief ("PCR").  *See* S.C. Code Ann. § 17-27-10 *et seq.* A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45. A PCR applicant is also required to state all of his grounds for relief in his application.  *See* S. C. Code Ann. § 17-27-90.  A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal.  Simmons v. State, 215 S.E.2d 883 (S.C. 1975). Strict time deadlines govern direct appeal

and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 653 S.E.2d 266 (S.C. 2007). In Bostic v. Stevenson, 589 F.3d 160, 162-65 (4th Cir. 2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in Marlar, South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to Marlar (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[3] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the

---

[3]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977); Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See* Rose v. Lundy, *supra*.

### 2. Procedural Bypass[4]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims

---

[4]This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

8

> together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice resulting from the alleged constitutional violation."

Smith v. Murray, 477 U.S. at 533, quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977); *see also* Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. *See* Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3.     **Inter-relation of Exhaustion and Procedural Bypass**

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)) *overruled on other grounds by* United States v. Barnette, 644 F. 3d 192 (4th Cir. 2011); Teague v. Lane, 489 U.S. 288, 297-98 (1989).

### 4. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750; Gray v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. at 488). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier, 477 U.S. at 488-490; Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000 (1988). Because a petitioner has no constitutional right to counsel in connection with a PCR application and/or an appeal from the denial thereof, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. Wise v. Williams, 982 F.2d 142, 145 (4th Cir. 1992) *cert. denied*, 508 U.S. 964 (1993). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v.

Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, *id.*, or his sentence. Matthews v. Evatt, 105 F.3d at 916.

### 5.     Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996).

The only issues Powell presented to the South Carolina Appellate Courts were those contained in his belated appeal (his guilty plea was not knowingly and voluntarily entered) and in his amended petition for writ of certiorari (a. whether the lower court properly granted the belated direct appeal, and b. ineffective assistance fo trial counsel in investigating the case). All other issues raised by Powell in his present petition were never properly presented to the South Carolina appellate courts, and they are procedurally defaulted. Powell has not attempted to demonstrate cause and

prejudice. (See Petitioner's objection to Respondent's motion for summary judgment). Therefore, the undersigned will address only those claims properly before the Court.

B.  Ineffective Assistance of Counsel/Involuntary Guilty Plea

Since Powell filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998); Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d).  *See* Williams v. Taylor, 529 U.S. 362 (2000).  In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state-court decision will also be contrary to [the Supreme] Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the

12

>facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the Supreme] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 406-407. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

>The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

\* \* \*

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . [t]he court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.

Strickland, 466 U.S. at 694-695. (emphasis added).

Under the AEDPA, a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362, 391 (2000) ("Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims....").

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [McMann]." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, *i.e.*, the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

The record shows Powell and a relative, Koream Powell ("Koream" a/k/a Kareem Dashawn Powell), and another individual, Tommy Browder ("Browder") were involved in the home invasion robbery. The incident occurred at approximately 11:30 p.m. on July 4, 2006. Powell and Koream entered the house and Browder acted as a lookout. The victim's handgun was stolen during the robbery and was pawned by Freddie Henderson ("Henderson"). Henderson is a relative of Powell and a neighbor of the victim. Police traced the pawned stolen pistol to Henderson who implicated Powell, Koream, and Browder. Koream and Browder gave statements implicating Powell. The record indicates that at the time Powell was to go to trial, Koream, Browder, and Henderson were prepared to testify for the State. (App. 18-23, 194-197).

The PCR court reviewed the record and heard the testimony of Powell, his attorney (Bernstein), and the defense investigator (Connelly). In summary the PCR court made the following findings:

> Based upon the testimony and arguments presented at the evidentiary hearing, this Court finds and concludes that plea counsel provided effective assistance to the Applicant in regards to preparation and investigation prior to the entry of the Applicant's plea. Plea counsel testified that he obtained the Applicant's file, fully reviewed it and met with the Applicant a number of times. He also testified that he determined that further investigation and the use of an investigator were not needed since the [sic] he was not preparing the case for a trial.
>
> The Court further finds that the Applicant has failed to establish that he was prejudiced as a result of counsel['s] failure to properly prepare and investigate his case prior to his plea. Despite PCR counsel's argument that the alibi defense could not be fully explored since the alibi witness is deceased, this Court finds that the Applicant's alibi defense was not solid, and he was not prejudiced by plea counsel's failure to contact Ms. Stephenson prior to her death. This Court also finds that the Applicant has failed to show prejudice resulting from the destruction of the evidence and the possible failure to test the footprint obtained from the crime scene. In all, this

15

> Court finds that the Applicant has not made a showing of actual prejudice resulting from the counsel's preparation and investigation of his case prior to the entry of his plea.

(App. 212-213)

Powell's strongest argument is that counsel failed to investigate his alibi defense which had been partially developed by Connelly prior to Bernstein's assuming representation. Connelly interviewed Deborah Stevenson ("Stevenson"). According to a report prepared by Connelly, Stephenson came home from work on the night of the home invasion (July 4, 2006) and Powell was at her house. She believed that she had returned home "around midnight." (App. 181). Stevenson died between the guilty plea and the PCR hearing, so Connelly's report is the only evidence of alibi. There is no indication as to the distance between the crime scene and Stephenson's residence. Therefore, the PCR court's conclusion that "Applicant's alibi defense was not solid" (App. 213) was not unreasonable.

Powell has not shown that the state court's decision was contrary to or an unreasonable application of clearly established principles of federal law.

C. Direct Appeal

The right to effective assistance of counsel extends to direct appeal. Pennsylvania v. Finley, 481 U.S. 551, 559 (1987). The Strickland standard is used to evaluate whether counsel was constitutionally deficient for failing to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470 (2000); Frazer v. South Carolina, 430 F.3d 696, 704-705 (4th Cir. 2005). "[T]o establish a Sixth Amendment violation based upon counsel's failure to appeal, [the petitioner] must prove that (1) counsel was ineffective and (2) but for counsel's ineffectiveness, an appeal would have been filed." United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (citing Roe, 528 U.S. at 477-83).

If counsel has consulted with the defendant, the failure to file an appeal is deficient only if it contradicts the defendant's instructions to appeal. Roe, 528 U.S. at 478. In the absence of a direct instruction from a defendant to appeal, the question of whether counsel's failure to appeal is constitutionally deficient depends upon "whether counsel in fact consulted with the defendant about an appeal." *Id.*

> If counsel fails to consult, the defendant may demonstrate prejudice by showing that a rational defendant would want to appeal. The defendant may do this by demonstrating either that (a) there were non-frivolous issues for appeal, or (b) he had adequately indicated his *interest* in appealing. The mere presence of non-frivolous issues to appeal is generally sufficient to satisfy the defendant's burden to show prejudice. Attempting to demonstrate prejudice based on a reasonably obvious interest in pursuing an appeal, however, necessitates an additional showing that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed counsel to file an appeal.

Frazer v. South Carolina, 430 F.3d at 708 (internal citations and quotation marks omitted).

In his present application, Powell alleges that counsel was ineffective for failing to file a direct appeal. The PCR court found that Powell "did not knowingly and voluntarily waive his right to direct appeal" (App. 213), and granted him the remedy of a belated direct review pursuant to White v. State, supra. Powell had the opportunity to raise any and all direct appeal issues through that process. Therefore, his claim that his attorney was ineffective in this regard is not cognizable in this Court.

## **Conclusion**

Based on a review of the record, it is recommended that Respondent's motion for summary

judgment be **granted**, and the petition be **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

November 20, 2013

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).